UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

                                            Case Number 08-20665-BC
v.                                       Honorable Thomas L. Ludington

WYMAN JORDAN WRIGHT,

          Defendant.
_____/

## ORDER DIRECTING SUPPLEMENTAL BRIEFING AND SCHEDULING SENTENCING HEARING

On December 10, 2009, in lieu of a sentencing hearing, the Court held a status conference with defense counsel and government counsel to discuss potential sentencing issues raised by the parties' respective sentencing memorandums. The government seeks to introduce the testimony of two witnesses at the sentencing hearing as to events that allegedly occurred in about 1969 and 1972, to prove a "pattern of activity involving the sexual abuse or exploitation of a minor" by Defendant, which if proven increases Defendant's offense level by five levels. *See* U.S.S.G. § 2G2.2(b)(5). The enhancement would increase Defendant's guideline sentencing range from 135 to 168 months, to 235 to 240 months.

In light of this, the Court directed the parties to provide supplemental briefing on two legal questions: (1) whether there is a sufficient temporal connection between the offense for which Defendant was convicted and the alleged conduct that occurred in 1969 and 1972 such that it is relevant conduct for sentencing purposes; and (2) whether there are any *Booker* concerns given the uncharged conduct and necessity of judicial fact finding. On January 8, 2010, the government filed its opening supplemental brief [Dkt. # 34]; and on January 18, 2010, Defendant filed a responsive

supplemental brief [Dkt. # 35]. On January 27, 2010, the government filed a reply [Dkt. # 36].

In his responsive supplemental brief, Defendant concedes that a temporal nexus between the sentencing offense and other conduct alleged is not a required element of a "pattern of activity" enhancement under U.S.S. G. 2G2.2(b)(5). Likewise, Defendant concedes that the Court may engage in judicial factfinding to determine an applicable advisory sentencing guideline range. However, Defendant also asserts that the testimony that the government seeks to introduce is "prima facie unreliable and does not meet the constitutional standard for the enhancement sought." Significantly, however, Defendant does not cite any legal authority for that vague proposition, and it is not clear whether Defendant is advancing an argument concerning the weight that should be accorded to the testimony, a due process argument regarding consideration of the evidence, a due process argument challenging the enhancement itself, or any other argument. Thus, Defendant will be directed to file a supplemental brief clarifying the argument that he seeks to advance.

Accordingly, it is **ORDERED** that Defendant is **DIRECTED** to file supplemental briefing addressing the issue outlined above on or before **March 24, 2010**.

It is further **ORDERED** that the government is **DIRECTED** to file a response to Defendant's supplemental brief on or before **March 31, 2010**.

It is further **ORDERED** that a sentencing hearing is **SCHEDULED** for **April 12, 2010 at 10:00 a.m.**

                                                     s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

Dated: March 11, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 11, 2010.

         s/Tracy A. Jacobs
         TRACY A. JACOBS