UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

v.

               Case Number 08-20665-BC
               Honorable Thomas L. Ludington

WYMAN JORDAN WRIGHT,

               Defendant.
_____/

## **ORDER DENYING DEFENDANT'S MOTION FOR JUDICIAL NOTICE AND RETURN OF PERSONAL PROPERTY**

On July 9, 2009, a jury convicted Defendant Wyman Jordon Wright of six counts of receipt of child pornography and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (5)(b), respectively. On or about March 11, 2010, Defendant filed a pro se motion for judicial notice and return of personal property [Dkt. # 38]. Defendant seeks the return of a Dell personal computer "tower" and a Dell laptop computer. Pursuant to the Court's request, the government filed a response [Dkt. # 41] on March 24, 2010, which was supplemented [Dkt. # 54] on June 1, 2010. Defendant file a reply [Dkt. # 55] on June 8, 2010.

Generally, and with an exception for contraband, "a district court has both the jurisdiction and the duty to return the contested property once the government's need for it has ended." *Savoy v. United States*, 604F.3d 929, 932 (6th Cir. 2010) (quoting *United States v. Bowker*, 372 F.3d 365, 387 (6th Cir. 2004) (further quotations omitted)). "However, the person seeking return of property must show that they are lawfully entitled to possess it." *Id.* at 932-33 (quoting *United States v. Headley*, 50 F. App'x 266, 267 (6th Cir. 2002)). For example, in *Headley*, the defendant sought the return of guns and ammunition, but as a convicted felon, he could not possess such items. 50 F.

App'x at 267. Furthermore, the defendant could not constructively possess the firearms by "delegat[ing] the authority to possess the[] firearms to another individual." *Id.*

Here, Defendant seeks the return of a Dell personal computer "tower" and a Dell laptop computer, because the computers contain a large number of movies, music, and pictures, that would be costly, if not impossible, to replace, and have sentimental value. Defendant explains that he would want the child pornography removed from the computers. Defendant represents that he has a friend that it willing to take possession of the computers until Defendant is able to take possession himself.

In response, the government contends that Defendant has not demonstrated that he is lawfully able to possess the computers, which contain child pornography, and were used to perpetrate the offenses for which he was convicted. The government further emphasizes that a third party cannot constructively possess the computers on Defendant's behalf. Indeed, even if the child pornography could be removed from the computers, Defendant will not be entitled to possess a computer as a result of his convictions. Finally, the government emphasizes that because the computers have already been forfeited, Defendant may only seek their return by challenging the forfeiture proceedings, citing *United States v. One 1974 Learjet 24D*, 191 F.3d 668, 673 (6th Cir. 1999) ("After the government initiates forfeiture proceedings and notifies a claimant of the proceedings, a claimant may no longer use Rule 41(e), but instead must submit to the statutory procedures governing civil forfeiture proceedings."). Based on the above, Defendant's motion will be denied.

Accordingly, it is **ORDERED** that Defendant's motion for judicial notice and return of personal property [Dkt. # 38] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 22, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 22, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS

---