UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WYMAN JORDAN WRIGHT,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 08-CR-20665
CIVIL CASE NO. 13-CV-11520

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 80)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

### II.    REPORT

#### A.    Introduction

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, is the above-entitled motion, which was filed pursuant to 28 U.S.C. § 2255, to vacate the federal custodial sentence of Wyman Jordan Wright ("Wright"). (Doc. 80.) The Court has not ordered the government to respond because it finds, for the reasons explained below, that Wright's motion does not set forth grounds necessitating responsive arguments. Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), the motion is ready for Report and Recommendation without oral argument.

#### B.    Background

Wright was charged in a seven-count indictment with: receipt of child pornography on or about August 26, 2008, in violation of 18 U.S.C. § 2252A(a)(2) (Counts 1-6); and possession of child pornography on or about August 26, 2008, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 7). A jury trial was held from July 7 through July 9, 2009. (Docs. 72-74.) The jury returned a verdict of guilty on all counts on July 9, 2009. (Doc. 22.)

On October 12, 2010, after considering the 18 U.S.C. § 3553 factors, the Court sentenced Wright to180 months' imprisonment on Counts 1-6 and 120 months' imprisonment on Count 7, with the terms to run concurrently. (Doc. 61 at 2; Doc. 70 at 46-52.) The judgment was entered on October 25, 2010. (Doc. 61.)

Wright appealed, arguing that: (1) the district court improperly admitted opinion testimony, i.e., when Agent Banner testified that the second interview was "more helpful to the jury"; (2) the prosecutor engaged in improper argument in his rebuttal, i.e., when the prosecutor stated that "Defendant had looked at thousands and thousands of images of child pornography"; (3) that insufficient evidence supported the 600-image sentencing enhancement (which was objected to at sentencing); and (4) that enhancement for a pattern of activity involving sexual abuse or exploitation of a minor violates due process and fails to prove the required federal nexus (which was also objected to at sentencing). (Doc. 76.) The Sixth Circuit considered all the issues presented and upheld the conviction and sentence. (*Id.*)[1] Wright's petition for a writ of certiorari was denied by the U.S. Supreme Court on October 1, 2012. (Doc. 79.)

Wright filed the instant motion to vacate his sentence on April 3, 2013. (Doc. 80.) In the motion, Wright, through counsel, contends that: (1) "the computer evidence was in violation of the

---

[1]The mandate entered on March 27, 2012. (Doc. 77.)

Fourth Amendment in that [a] the computer was searched and seized in violation of the requirement of a valid search warrant, and [b] any subsequent consent was an unconstitutional attempt to circumvent the constitutionally required search warrant process"; (2) "improper prosecutor argument that Defendant has looked at thousands and thousands of images requires a new trial"; (3) "where Defendant's fifteen year sentence is based in part on a 600 image USSG enhancement, where the number of images is contested and where sentencing defense counsel had not counted nor seen the images, Defendant was deprived of constitutionally effective assistance of counsel and a new trial is required"; (4) "where sentencing defense counsel objected that the record fails to prove child pornography as to age and as to pose, but did not view the images, Defendant was deprived of constitutionally adequate counsel"; (5) "improper police opinion testimony usurped the jury's function"; and (6) "defense counsel's failure to make proper objections and record was constitutionally ineffective assistance of counsel." (Doc. 80-1 at 2; Pg ID 824.)

### C.     Governing Law and Standards

In order to prevail on a motion brought under 28 U.S.C. § 2255, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under

3

section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights

4

the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

**D.     Analysis and Conclusions**

**1.     Issues Raised on Appeal to the Sixth Circuit**

I suggest that three of the grounds asserted in the motion to vacate (grounds 2, 3 and 5) are replicas of the arguments made on appeal to the Sixth Circuit. Petitioner's second ground in the instant motion to vacate sentence was the second issue on appeal, Petitioner's third ground was the third issue on appeal, and Petitioner's fifth ground was the first issue on appeal. (Docs. 76, 80.) Since the Sixth Circuit addressed these issues, I suggest that these claims are procedurally barred. "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Wright has alleged no such exceptional circumstances justifying further review, and the record reveals none.

5

Although Wright has raised his third argument regarding the 600-image enhancement under the rubric of ineffective assistance of counsel, when the appellate court has found the underlying argument to be without merit, any claim that a trial attorney was ineffective for failing to raise the same error is also procedurally barred. *See United States v. Ramirez*, 327 F. App'x 751, 752 (9th Cir. 2009) ("Because we held on direct appeal that any error . . .was harmless, Ramirez is barred from contending here that his attorney rendered ineffective assistance."). Stated differently, a movant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). *Accord, Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010).[2]

Furthermore, even if the claims were not procedurally barred, I suggest the result would be the same. Since the Sixth Circuit has held that the alleged errors were without merit, any failure on the part of counsel for not raising them could not have prejudiced Wright as required under *Strickland*. *See Lockhart*, 506 U.S. at 369. Accordingly, I suggest that Wright's section 2255 motion as to his second, third, and fifth arguments should be denied.

**2.     Remaining Issues**

**a.     Search and Seizure of Wright's Computer**

---

[2] *See also Hestle v. United States*, 426 F. App'x 366, 367 (6th Cir. 2011) (distinguishing *Clemons* because it involved a sufficiency of evidence claim and holding that "Hestle's failure to persuade the court of his *Batson* claim on direct appeal did not foreclose a motion to vacate for ineffective assistance in a § 2255 motion, because a finding of ineffective assistance could be consistent with our holding on direct appeal.").

Wright's first ground argues that "the computer evidence was in violation of the Fourth Amendment in that [a] the computer was searched and seized in violation of the requirement of a valid search warrant, and [b] any subsequent consent was an unconstitutional attempt to circumvent the constitutionally required search warrant process." (Doc. 80-1 at 2; Pg ID 824.)

I first note that Wright has not even argued any cause for failing to raise this issue on direct appeal. *Reed, supra.* Accordingly, Wright's petition could be denied as to this issue on this ground alone.

Furthermore, Fourth Amendment claims are not cognizable under section 2255. *See Stone v. Powell*, 428 U.S. 465, 494, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976) (holding that Fourth Amendment claims are not cognizable on collateral review where a defendant had a full and fair opportunity to raise them on appeal because the exclusionary rule is a judicially created remedy rather than a constitutional right); and *United States v. Johnson*, 457 U.S. 537, 562, n.20, 102 S. Ct. 2579, 73 L. Ed. 2d 202 (1982) (acknowledging applicability of *Stone v. Powell* to § 2255 cases); *Boone v. United States*, 100 F.3d 956 (6th Cir. 1996); *Brock v. United States*, 573 F.3d 497, 500 (7th Cir. 2009); *United States v. Chapman*, No. 06-cv-11127, 2006 WL 2160967, at *1 (E.D. Mich. July 31, 2006); *Hunt v. United States*, No. 2:09-cv-419, 2010 WL 3703205, at *5 (S.D. Ohio Sept. 17, 2010); *United States v. DeCarlo*, No. 06-2398-B/V, 03-20093-B, 2007 WL 1345320 (W.D. Tenn. May 7, 2007). I suggest that this claim could be dismissed based on this ground as well.

Even assuming, *arguendo*, that Wright's claim was not procedurally defaulted or that Wright's mention of ineffective assistance of counsel as part "D" of his Fourth Amendment claim suffices to allege that ineffective assistance of counsel was the cause for the procedural default, I suggest the result would nonetheless be the same.

7

As delineated in Wright's own statement of facts, Wright's computer was voluntarily brought to a computer repair shop, Cybertech, by his friend because it had "virus and Spyware issues." (Doc. 80-1 at 8, 10; Pg ID 830, 832.) When the Cybertech employee was transferring files, he noticed two file names that sounded like child pornography so he contacted Agent Banner. (Doc. 80-1 at 8, 11, 13; Pg ID 830, 833, 835.) Agent Banner had worked with the Cybertech employee in the past and the employee had been paid for informing the agent of potential child pornography violations. (*Id.*) Agent Banner then met with the employee and "saw two folders which were Young and Bondage, and seized the computer." (Doc. 80-1 at 9, 13; Pg ID 831, 835.) Agent Banner had not obtained a search warrant, so he went to Wright's home in an attempt to gain consent to search the computer. (Doc. 80-1 at 13; Pg ID 835.) Agent Banner "obtained consent to search the computer[.]" (*Id.*)

The Cybertech employee's "initial search of the computer was done without police involvement, [and] under the private-search doctrine, the Fourth Amendment is inapplicable to a search or seizure effected by a private party." *U.S. v. Shelton*, 418 F. App'x 514, 517 (7th Cir. 2011) (*citing United States v. Jacobsen,* 466 U.S. 109, 113-16, 104 S. Ct. 1652, 80 L. Ed. 2d 85 (1984)). "As long as police officers do not exceed the scope of the private search, they may view or replicate the results of that search without violating the Fourth Amendment." *Id.* Since Agent Banner "did not expand the technician's private search" before securing Wright's consent, I suggest that Agent Banner's duplication of the technician's search, i.e., reading the folder names, did not violate the Fourth Amendment unless the technician could be considered an agent of the government. *Id.*

8

Wright also argues that the technician was an agent of the government such that the search was not a private search. (Doc. 80-1 at 14-16; Pg ID 836-38.) To trigger Fourth Amendment protection based on the theory that a private individual was actually acting as an agent of the government, "the police must have instigated, encouraged, or participated in the search," and "the individual must have engaged in the search with the intent of assisting the police in their investigative efforts." *United States v. Lambert*, 771 F.2d 83, 89 (6th Cir. 1985). A private individual does not act as a government agent where "the intent of the private party conducting the search is entirely independent of the government's intent to collect evidence for use in a criminal prosecution." *United States v. Howard*, 752 F.2d 220, 227 (6th Cir. 1985), *vacated on other grounds*, 770 F.3d 57 (1985).

There is no allegation that any government official instigated, encouraged or participated in the Cybertech employee's examination of Wright's computer. When the computer was initially "searched," the only intent was to find a virus or other cause of the computer's need for repair. Although the Cybertech employee may have intended to assist the government and even be rewarded for that assistance *after* he discovered the suspiciously named folders, that post-search intent is not indicative of his intent before or during the search. I therefore suggest that Wright has not even alleged sufficient facts to show that the Cybertech employee acted as an agent of the government. *See United States v. Grimes*, 244 F.3d 375, 383 (5th Cir. 2001) (where the government was not involved in the initial discovery of the images, the technician did not act with an intent to assist law enforcement and the fact that the technician did "intend to aid officials *after* the discovery of the images and in the images' illegality" does not mean the technician was an agent of the

9

government) (emphasis supplied). I therefore suggest that Wright has not and cannot show that the search of the computer violated the Fourth Amendment.

Finally, I suggest that even if there were some plausible argument that the search was conducted by a private individual acting as an agent of the government such that the Fourth Amendment would apply, Wright's uncontested consent would render the subsequent search and seizure constitutionally sound. Although Wright argues that the consent was "a direct derivative of the officer's circumvention of the search warrant process[,]" (Doc. 80-1 at 20; Pg ID 842), he does not mention, allege, or argue any facts that would vitiate the consent that Wright concedes he provided to Agent Banner. (*Id.*) Instead, Wright appears to rely solely on the fact that "[p]olice sat on their illegal seizure for days" before seeking and obtaining consent. (Doc. 80-1 at 21; Pg ID 843.) However, as recently noted by the Sixth Circuit, "[w]e are aware of no cases in which consent was found to be involuntary because of an allegedly illegal search that occurred over a month before the consent was given." *United States v. Cochrane*, 702 F.3d 334, 343 (6th Cir. 2012).

I therefore suggest that even assuming all the facts as alleged by Wright, Wright cannot show that the search and seizure of his computer was a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall, supra.*

      **b.**    **Ineffective Assistance of Counsel**

Grounds three, four, and six of the instant petition allege ineffective assistance of counsel. As noted above, ground three argued an underlying issue raised unsuccessfully on appeal and thus, I suggest, it is procedurally defaulted. Should the court find that the claim is not defaulted and

10

merits review, I suggest that ground three still does not provide a basis for relief under this § 2255 petition.

Wright's third ground argues that "where Defendant's fifteen year sentence is based in part on a 600 image USSG enhancement, where the number of images is contested and where sentencing defense counsel had not counted nor seen the images, Defendant was deprived of constitutionally effective assistance of counsel and a new trial is required." (Doc. 80-1 at 2; Pg ID 824.) Ground four contends that "where sentencing defense counsel objected that the record fails to prove child pornography as to age and as to pose, but did not view the images, Defendant was deprived of constitutionally adequate counsel." (*Id.*) Ground six argues that "defense counsel's failure to make proper objections and record was constitutionally ineffective assistance of counsel." (*Id.*) Since the argument under ground six is cursory at best and appears to allege something akin to cumulative error, I suggest that it does not merit separate review. (Doc. 80-1 at 48-49, ID 870-71.)

Under the third ground in Wright's petition, he contends that the number of images was contested and that the ultimate finding of 897 images was erroneous. Wright notes inconsistencies between Brian Pitt's report of September 2008 which referred to 897 images and five movies and his testimony at sentencing that there was a total of 340 images involving child exploitation. (Doc. 80-1 at 28-29; Pg ID 850-51.) Wright contends that counsel was ineffective because of this erroneous finding at sentencing and because counsel did not view the images. (Doc. 80-1 at 32; Pg ID 854.) Wright acknowledges that defense counsel objected to the number of images stated in the presentence report. (*Id.*; *see also* Docs. 30, 31, 39.) Similarly, under the fourth ground, Wright also contends that counsel was ineffective "where sentencing defense counsel objected that the record

11

fails to prove child pornography as to age and as to pose, but did not view the images." (*Id.*) In this circuit, counsel is not ineffective for raising arguments unsuccessfully. *See Hodge v. Haeberlin*, 579 F.3d 627, 644 (6th Cir. 2009) ("Counsel does not fall below this [*Strickland*] standard by failing to prevail when arguing a debatable point to the court."). Therefore, I suggest that counsel cannot be considered ineffective for losing the arguments regarding the number of images and whether the images amount to child pornography. Whether counsel viewed the images or not is not relevant; the only salient question is whether counsel challenged the number of images and status as child pornography findings on behalf of Wright. Since Wright concedes that counsel did argue both of the issues raised in his third and fourth grounds, I suggest that Wright cannot show that counsel's performance was deficient or that he was prejudiced by any alleged failure. *Strickland; Lockhart*.

### c. Conclusion

I therefore suggest that Wright has not alleged any claims that could support a finding that his trial counsel was ineffective, that he was prejudiced by any alleged ineffectiveness, or that the district court proceedings were fundamentally unfair or unreliable. As a result, I suggest that the § 2255 motion be denied in its entirety and this civil case be dismissed.

### E. Evidentiary Hearing

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003)

(citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 7787, 782 (6th Cir. 1999) (citation omitted). In addition, "the words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. In addition, all factual allegations made in the petition were assumed to be true. Furthermore, since I suggest that Wright cannot show prejudice from any alleged failures in his trial counsel's performance, the motion is one where "the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I therefore suggest that Wright is not entitled to a hearing on the allegations raised in his motion.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also*

28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.

                    s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗
                    CHARLES E. BINDER
Dated: June 24, 2013          United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Wyman Jordan Wright #42378-039, FCI Seagoville, P.O. Box 9000, Seagoville, TX 75159.

Date:  June 24, 2013          By    s/Patricia T. Morris
                                          Law Clerk to Magistrate Judge Binder