UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

Case Number 08-20665
Honorable Thomas L. Ludington

WYMAN JORDAN WRIGHT,

    Defendant-Petitioner.
    _____/

**OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION IN PART, DENYING MOTION TO VACATE SENTENCE, AND DENYING CERTIFICATE OF APPEALABILITY**

Wyman Wright was charged by indictment with six counts of receiving child pornography and one count of possession of child pornography. After a two-day jury trial, Wright was convicted on all counts. He was then sentenced to 180-months' imprisonment on the receiving counts and 120-months' imprisonment on the possession count, with the terms to run concurrently. *See* J. 2, ECF No. 61.

On April 3, 2013, Wright filed a motion to vacate his sentence under 28 U.S.C. § 2255. He raises six independent grounds for relief: (1) his computer was seized and searched without a warrant in violation of the Fourth Amendment, and any search by consent was an unconstitutional circumvention of the warrant requirement; (2) the prosecutor's argument that Wright looked at thousands of images was improper; (3) sentencing counsel was ineffective for not looking at or counting the images used to enhance Wright's sentence; (4) trial counsel was ineffective for not looking at or counting the images used to convict Wright; (5) the Court admitted improper police opinion testimony; and (6) trial counsel was ineffective for failing to make proper objections. Pet'r's Mot. 3, 7, 8, 11, 13, 15, ECF No. 80.

The Court referred Wright's motion to United States Magistrate Judge Charles E. Binder. Judge Binder issued a report on June 24, 2013, recommending that Wright's motion to vacate his sentence be denied. *See* Report & Rec. 1, ECF No. 84. Shortly after that, Wright filed objections to Judge Binder's report. Those objections are without merit, however, and they will be overruled. Wright's motion to vacate will be denied.

**I**

On August 26, 2008, one of Wright's friends (Christine Ritter) took his computer to Cybertech Systems for repair. During repairs, Christopher Hudson, the repair technician, noticed image files with names "like Daddy and Child, you know, things that sounded like child pornography[,]" Trial Tr. vol. I, at 24, ECF No. 73, so he contacted Brett Banner, a specialist who handles computer crimes with the Federal Bureau of Investigation (FBI). *Id*. at 60. Agent Banner traveled to Cybertech Systems on August 26, and Hudson showed him various file names and "specific images contained within the computer." *Id*. at 71. Agent Banner observed the file names and "[t]wo" photographs, which he identified as "child pornography." *Id*. at 72. The FBI, through Agent Banner, then seized Wright's computer (although it was not further searched, only "transported to the Bay City resident agency for safekeeping." *Id*. at 70).

Agent Banner and two other law enforcement officers (Robert Querback and Brian Pitt) went to Wright's home on September 2, 2008, where they interviewed him. *Id*. at 75. Agent Banner testified that Wright was "[i]nquisitive" and "slightly brusque at first," but after Agent Banner identified himself, Wright "was very cooperative and very congenial." *Id*. at 75–76. Wright "eventually advised there may be some images" of child pornography on his computer— "maybe half a dozen"—and he then consented to its search. *Id*. at 76, 81–82. Pitt, a detective with the Saginaw Township Police Department, conducted a forensic examination of Wright's

computer after he provided consent. Detective Pitt uncovered files named, among many other things, "Five year old Virgin. Rape 2. Look at her cute face. Age. Underage rape. Pedo. Preteen. Kiddie porn. Sick."; "5YO [(five-year old)] girl raped by Mommie. Preteen. Child pornography. Illegal. PTHC [(preteen hardcore)]"; "TMP 2YO [(two-year old)] learning how to fuck"; and "Oh Kiddie PT Hard core, BW [(black and white)], Dog Fucks Five Year Old Girl." Trial Tr. vol. II, at 34, 74, ECF No. 74. Wright also maintained file folders on his computer with the following captions: animals, Balls, Body Builders, Bondage, Cartoons, Cat Fight, Clit, Dark Meat, Granny, Hung, Milked, Moo folder, Pussy, Throat, Tits, Ugly, Whipped, and Young. *Id*. at 55. The Throat file folder contained files such as: "5YO Girl Drooling With Cum From A Blow Job, Mafia Sex, PO, Pedophilia, Kids—Child Porn." *Id*. at 80. Detective Pitt's search revealed a total of 897 still images and five videos of child pornography. *United States v. Wright*, 464 F. App'x 475, 477 (6th Cir. 2012).

Notably, Wright does not argue that he is innocent of the crimes for which he was convicted; the filenames and folders found on his computer—short of even viewing the related images and videos—were extremely incriminating. He does, however, raise various objections to Judge Binder's recommendation that his motion to vacate be denied.

## II

Wright objects to Judge Binder's findings on each of his six claims. They will be addressed in turn.

### A

Wright's first claim is that his Fourth Amendment rights were violated because his computer was seized and searched without a warrant. Judge Binder concluded that Wright did not present this claim on direct appeal, and because he did not excuse this failure with cause, the

claim cannot be considered now. Report & Rec. 7. Further, Judge Binder found that "Fourth Amendment claims are not cognizable under section 2255." *Id.* Wright objects to these conclusions, arguing that Judge Binder's recommendation "would deny [him] any judicial review of the fundamental Fourth Amendment violations underlying this conviction." Pet'r's Objs. 1, ECF No. 85.

It is well-established that a § 2255 motion "is not a substitute for a direct appeal." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *See Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (citation omitted). As indicated above, Wright does not attempt to argue he is innocent of the conduct for which he was convicted.

Wright does argues that his claim is not based on the Fourth Amendment violation alone, but ineffective assistance of counsel because his trial attorney did not "file a motion to suppress evidence . . . ." Pet'r's Objs. 3. In order to succeed on an ineffectiveness of counsel claim, Wright must demonstrate that "there is a reasonable probability that the claim" he alleges counsel should have raised "would have prevailed at the time counsel failed to raise it." *McFarland v. Yukins*, 356 F.3d 688, 699–700 (6th ACir. 2004) (citation omitted).

Wright's argument is either that his Fourth Amendment rights were violated because his computer was seized and searched without a warrant (which requires a showing of prejudice to excuse his default; in other words, that this violation affected the outcome of his trial), or that trial counsel was ineffective for failing to raise that very Fourth Amendment issue in a motion to

suppress (which also requires a showing of prejudice—that this failure affected the outcome of Wright's trial). So if Wright's Fourth Amendment rights were not violated, then his first argument fails outright, and his second fails because counsel cannot be ineffective for avoiding meritless arguments.

Had trial counsel filed a motion to suppress based on the warrantless seizure and search of Wright's computer, that issue would have been properly denied because Wright's argument is without merit. So under either rendition, Wright's Fourth Amendment argument fails.

Law enforcement seized Wright's computer on August 26, 2008, but did not gain his consent to search that computer until September 2, 2008. Additionally, it does not appear that Agent Banner obtained a warrant before seizing Wright's computer. A seizure of personal property is "*per se* unreasonable . . . unless it is accomplished pursuant to a judicial warrant issued upon probable cause and particularly describing the items to be seized." *United States v. Place*, 462 U.S. 696, 701 (1983). But "[i]f law enforcement authorities have probable cause to believe a container holds evidence of a crime and the 'exigencies of the circumstances demand it,' seizure of the container pending issuance of a warrant to examine the contents is permitted." *United States v. Bradley*, 488 F. App'x 99, 102 (6th Cir. 2012) (quoting *Place*, 462 U.S. at 701). The Sixth Circuit has established that the ease with which a defendant can destroy evidence of child pornography constitutes exigent circumstances justifying the warrantless seizure of a personal computer. *See*, *e.g.*, *Bradley*, 488 F. App'x at 105 ("leaving the laptop with Bradley risked the imminent destruction of evidence," so "the balance of the interests justified the government's need to seize the laptop without a warrant.");

Moreover, the searches of Wright's computer did not violate his Fourth Amendment rights. Although the Cybertech Systems associate who first found Wright's stash did not have a

warrant, "private searches are not subject to constitutional restrictions." *United States v. Hall*, 142 F.3d 988, 993 (7th Cir. 1998) (emphasis omitted). In *Hall*, a computer technician located suspected pornographic images during a test of the defendant's computer. *Id*. But because the search "was made pursuant to the maintenance work [the technician] had performed in his capacity as a technician for CDS[,]" the government "had no knowledge that [the technician] was going to repair Hall's computer and thus did not instruct [the technician] to inspect the files." *Id*. As a result, the Seventh Circuit concluded that "the Fourth Amendment [was] inapplicable both to [the technician's] search, and to his later description of the pornographic evidence to law enforcement officials." *Id*.

The same result follows here. Although Christopher Hudson, the Cybertech Systems associate who worked on Wright's computer, had worked with the FBI before, the government was not aware of his work on Wright's computer, which was carried out pursuant to his normal work responsibilities. Hudson was not instructed to inspect Wright's computer, and he only contacted the government after suspicious files had been found. So the Fourth Amendment does not apply to his search or later description of the files on Wright's computer.

Agent Banner also reviewed two photographs before Wright consented to the search of his computer, and this too could arguably constitute a search under the Fourth Amendment. However, because Agent Banner was simply viewing images that Hudson—a neutral third party—had already uncovered, the viewing of those two images is immune to Wright's Fourth Amendment challenge. *See United States v. Grimes*, 244 F.3d 375, 383 (5th Cir. 2001) (establishing that defendant could not maintain Fourth Amendment challenge to "pre-warrant images" viewed by law enforcement because the images "were discovered during a private-party search, completed following standard company practice" and were therefore beyond the

defendant's "reasonable expectation of privacy."); *see also United States v. Shelton*, 418 F. App'x 514, 517 (7th Cir. 2011) ("police officers did not violate the Fourth Amendment by looking at what the technician showed them before securing a warrant.").

Finally, the later forensic analysis of Wright's computer, conducted by Detective Pitt, did not violate Wright's Fourth Amendment rights because he consented to the search. "It is well-settled that a person may waive his Fourth Amendment rights by consenting to a search." *United States v. Carter*, 378 F.3d 584, 587 (6th Cir. 2004) (citation omitted); *see also Schneckloth v. Bustamonte*, 412 U.S. 218, 242–43 (1973) ("While the Fourth and Fourteenth Amendments limit the circumstances under which the police can conduct a search, there is nothing constitutionally suspect in a person's voluntarily allowing a search.").

On September 2, 2008, Agent Banner spoke with Wright and "ask[ed] him for his permission to search his computer." Trial Tr. vol. I, at 81. According to Agent Banner, Wright was "willing to allow" the search. *Id*. at 82. Wright does not deny that he gave consent to search his computer, he simply alleges that his consent was not voluntary.

But Wright presents no facts that would lead the Court to believe his consent was anything but freely given. On September 2, 2008, he was questioned by Agent Banner and two other law enforcement officers in his own home. *Id*. at 74. Agent Banner described Wright as "[i]nquisitive" and "slightly brusque" during their meeting, but he was nevertheless "very cooperative and very congenial" after the Agents identified themselves. *Id*. at 75–76. These circumstances weigh heavily in favor of finding that Wright's consent was voluntary. *See*, *e.g.*, *United States v. Berry*, 184 F. App'x 470, 474 (6th Cir. 2006) (determining that consent to search was voluntary where defendant "was not handcuffed, he was seated in his kitchen, and he was nonchalant about the whole matter.").

Wright has not established that his Fourth Amendment rights were violated. The seizure of his computer was lawful, as were the searches conducted by Hudson, Agent Banner, and Detective Pitt. Further, counsel cannot have been ineffective for failing to raise meritless claims. Wright's Fourth Amendment arguments, even if based upon the performance of counsel, are not grounds to grant his motion to vacate.

**B**

Wright's second argument in support of his motion to vacate is that at trial, during summation, the prosecutor improperly argued that Wright had viewed "thousands and thousands" of images of child pornography. Pet'r's Objs. 16. Judge Binder concluded that Wright had raised this issue on direct appeal and thus it is procedurally barred. Report & Rec. 5.

Despite Wright's objections on this issue, Judge Binder's conclusion is correct. Wright raised this precise issue on appeal: "On appeal, Defendant raises a number of issues. . . . Second, he argues the prosecutor engaged in improper argument in his rebuttal." *Wright*, 464 F. App'x at 479. The Sixth Circuit concluded that the prosecutor's comments did not constitute "plain error," and even if they did, the statements did not "render Defendant's trial fundamentally unfair" given the "strong" evidence against him. *Id*. at 481.

It is important to remember that "a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (citations omitted). Wright raises no such exceptional circumstances here, and the record reveals none. This claim is without merit.

**C**

With his third ground to vacate his sentence, Wright indicates that sentencing counsel was ineffective for not looking at or counting the images used to enhance his sentence. As with the previous claim, Wright presented this argument to the Sixth Circuit on direct appeal. *Wright*, 464 F. App'x at 484–85 ("His sentencing-stage counsel, [Wright] says, was ineffective for failing to 'view and count the images underlying the guidelines calculation'"). For that reason, Judge Binder concluded that the issue was procedurally barred.

However, the Sixth Circuit did not address this issue on direct appeal, noting, "Ordinarily, we will not review a claim of ineffective assistance of counsel on direct appeal because the record is usually insufficient to permit an adequate review of such a claim." *Id*. at 485. So Judge Binder's conclusion here—that the Sixth Circuit has addressed this claim and thus it is procedurally barred—is incorrect.

But Wright's claim is ultimately without merit because even if this constituted constitutionally ineffective representation, he suffered no prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (requiring, for ineffective assistance of counsel claim, that defendant "show that the deficient performance prejudiced the defense."). On direct appeal Wright argued that there was "insufficient evidence" to support "the 600-image sentencing enhancement . . . ." *Wright*, 464 F. App'x at 481. The Sixth Circuit indicated that, to the contrary, there was sufficient evidence contained in "Detective Pitt's written reports and oral testimony regarding the images" to support his conviction and subsequent sentence. *Id*. at 482.

The Sixth Circuit went on to establish that Wright's sentence was properly enhanced under U.S. Sentencing Guidelines Manual § 2G2.2(b)(7)(D) (providing sentencing enhancement for defendants possessing more than 600 images of child pornography). So whether sentencing

counsel viewed the images and counted them or not, any corresponding objection would have been without merit, and Wright suffered no prejudice.

**D**

With his fourth line of attack, Wright argues that trial counsel was constitutionally ineffective for failing to view and count the images that supported his conviction. He claims that "the failure to make a proper objection and investigation of the images fell below an objective standard of reasonableness and constituted an omission outside the wide-range of professionally competent assistance." Pet'r's Objs. 27. Again this claim is precluded by the Sixth Circuit's decision on Wright's direct appeal, which forecloses any demonstration of prejudice. The Sixth Circuit established that there was sufficient evidence, contained in Detective Pitt's written reports and oral testimony regarding the images, to support Wright's conviction. Again, even if trial counsel did not view and count those images, any related objection would have been properly overruled.

Because Wright cannot show that trial counsel's failure to view and count the images prejudiced his defense—even if that claim is true—the lack of prejudice renders this claim meritless.

**E**

Next, Wright argues that the Court allowed improper police opinion testimony which "usurped the jury's function." Pet'r's Objs. 28. Judge Binder concluded that this claim had also been raised on direct appeal and was therefore procedurally barred. Judge Binder is correct.

On direct appeal, Wright argued that "the district court improperly admitted four pieces of opinion testimony." *Wright*, 464 F. App'x at 479. Wright offers no exceptional circumstances that would allow him to employ his § 2255 motion to relitigate issues that were

raised and considered on direct appeal. *See Jones*, 178 F.3d at 796. This claim will be dismissed.

### F

With his last objection, Wright contests Judge Binder's conclusion that his sixth claim of error—that defense counsel failed to make proper objections and therefore was constitutionally ineffective—is without merit. Judge Binder concluded that "ground six is cursory at best and appears to allege something akin to cumulative error," and because each individual ground of ineffective assistance was without merit, this sixth ground "does not merit separate review." Report & Rec. 11.

Wright's objections seem to substantiate Judge Binder's conclusion. He claims that "constitutionally ineffective assistance of counsel is raised as an independent stand-alone issue," but then supports the claim by "incorporate[ing] . . . by reference" the arguments he "stated in Issues I–V of the Brief in Support of Motion to Vacate . . . ." Pet'r's Objs. 37. As Wright concedes, his sixth claim is based upon the "constitutionally ineffective assistance of counsel" as "stated throughout Issues I–V" and "the specific errors stated in each issue." *Id*. Because each of Wright's underlying ineffective assistance of counsel claims are without merit, so too is this conglomeration of each issue together.

Because this final claim is without merit, Wright's motion to vacate his sentence will be denied.

### III

Before Wright may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. At 336–37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C.A. foll. § 2255.

Having considered the matter, the Court concludes that Wright cannot make a substantial showing of the denial of a constitutional right. A certificate of appealability is not warranted in this case.

IV

Accordingly, it is **ORDERED** that Wright's objections, ECF No. 85, are **OVERRULED**.

It is further **ORDERED** that Judge Binder's report and recommendations, ECF No. 84, are **ADOPTED** in part and **REJECTED** in part. Claims I, II, IV, V, and VI will be dismissed for the reasons contained in Judge Binder's report (along with the reasoning of this Opinion and Order).

It is further **ORDERED** that Wright's motion to vacate his sentence, ECF No. 80, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

Dated: July 15, 2014                                         s/Thomas L. Ludington
                                                             THOMAS L. LUDINGTON
                                                             United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 15, 2014.

                           s/Tracy A. Jacobs
                           TRACY A. JACOBS

---